Johnson, J.,
delivered the opinion of the Court.
The case upon which this motion is made, as it is understood, is briefly this : John Smiley, died in 1806, and administration of his estate was granted, to Ephraim Cannon, Jun., who, in that character, received, and retained in his hands, on account of Joseph, and Mahala Smiley, the wards of the complainant, Rice, the distributees of that estate, the sum of #4,093. Ephraim Cannon, the administrator, died in 1818, without having accounted forthe amount; and administration of his estate, was granted to Henry Ulmer, and his widow, Eleanor Cannon. In 1822, a proceeding in equity was instituted, which eventuated in an order, that certain negroes, belonging to the estate of Ephraim Cannon, should be sold, and the proceeds distributed among his heirs. These negroes produced #1,250, and that sum is now in the hands of the commissioner of the Court. In the report of the commissioner, made upon a reference of this cause, he comes to the conclusion, that the estate of Ephraim Cannon, is “insolvent to a large amount;” and the leading object of this bill, was to arrest this fund, and to appropriate it to the payment of the sum due to the complainant’s wards. Samuel Cannon, one of the defendants, claims to be reimbursed, out of it, a sum of money, which he had paid as the security of Ephraim Cannon, on a simple contract debt; and the sole question arising out of the circuit decree, and the several grounds of the present motion, is, whether the complainant’s demand, above stated, is intitled to rank as a bond debt, in administering the assets of the es *173 tate, and therefore intitled to a precedence over the claim of Cannon. Samuel
It is difficult to conceive of any solid foundation for the tion, which the Legislature has thought proper to make, in tribution of an insolvent estate, amongst the various classes of creditors, or in what its equity and justice consists ; except when ac. tual liens have been created, and except also, as to the necessary expences of the administration. But a rule has been established, and that is imperative. A bond debt is intitled by the express provision of law, to take precedence of a simple contract debt. The demand of the defendant, Samuel Cannon, confessedly falls within the latter ; and if the complainant’s falls within the former class, it must, of necessity, be preferred. The case of M’Dowell v. Caldwell, 2 M’C. Ch. 56, is decisive of this question. That was a bill against the executors of the guardian, for an account of the estates of his wards ; and it was held, that in the administration of the assets of his estate, the balance due to the wards ranked as a bond debt: and this, on the principle, that upon the breach of the condition of his guardianship bond the penalty became a debt by specialty, and stood as a security for what might be found to be due. Its analogy to the case under consideration, is so striking, as to render it almost identical. On the grant of administration of the estate of John Smiley, to Ephraim Cannon, he entered into a penal bond, conditioned for the faithful discharge of his duty, as administrator; and although that bond is not now the subject of suit, it is the substratum, of the complainant’s claim to this fund, and gives rank and character to his demand. It must, therefore, be preferred to the demand of Samuel Cannon. distincthe dis-
It appears, however, that in the proceeding in equity, before referred to, an order had been obtained, that Samuel Cannon’s de. mand should be paid out of this fund ; and it appears, also, that the administrator had drawn an order in his favor, on the commissioner of the Court, directing him to' pay it: and this, it was contended, was, pro tanto, an appropriation of the fund, which the Court would not control. The defendants, the distributees of the estate of Ephraim Cannon, also, further contend, that the order for partition, before referred to, was an appropriation of the residue of the fund; and that the complainant ought to be left to his remedy against the sureties to the administration bond.
The commissioner has reported, and in the absence of proof to the contrary, it will be taken for granted, that the estate of Ephraim Cannon is insolvent. It follows, that whatever may be the state of *174 things'now, the complainant was, in the due course of administration, intitled to the fund. He was no party to the proceeding in equity referred to, nor were the interests of his wards represented by any one; and they could not, therefore, be concluded, either by the order to pay the amount due to Samuel Cannon, or the order for distribution : nor did the order drawn by the administrator in favor of Samuel Cannon, vary the rights of the parties. And the fund being still in the possession of the Court, the question now is, whether the Court possesses the power to order it to be paid to the complainant.
One of the objects of chancery jurisdiction, is to prevent circuity, and multiplicity of action ; and one of the most efficient means is, to order the rightful and proper disposition of the funds in its possession : and it is the common practice to do so. If Samuel Cannon had actually received the amount due him, and the residue of the fund, had been distributed amongst the heirs of Ephraim Cannon, in pursuance of the order of Court, still, ex tzquo et bono, they were not intitled to retain it; and according to well established principles, the complainant might, in the event of every other remedy failing, have recovered it back, as money paid in fraud, or by mistake. If the complainant had recovered of the sureties to the administration bond, they, on the same principle, would be intitled to recover it from the defendant.
The parties are now all before the Court, and their rights fully understood ; and it is clear, that in the end, the complainant will be intitled to the fund. It saves, therefore, the delay, and expense of pursuing the circuitous course which this part of the defence indicates, to order it to be paid over to him at once.
It is, therefore, ordered, and decreed, that the decree of the Circuit Court, be reformed, according to the principles of this opinion.

Decree modified.